UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL BOYD, | |
| Plaintiff, | CIVIL ACTION NO. 1:16-cv-01789 |
| v. | (KANE, J.) |
| JAMES LARSON, et al., | (SAPORITO, M.J.) |
| Defendants. | |

FILED
WILKES BARRE
DEC 01 2016
Per ms

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case. At the time of filing, the plaintiff, Paul Boyd, was incarcerated at Luzerne County Correctional Facility ("LCCF"). In his complaint, Boyd asserted federal civil rights claims regarding the conditions of his confinement at LCCF, naming the warden and two corrections officers there as defendants. (Doc. 1).

On October 4, 2016, Boyd filed a motion for a temporary restraining order and preliminary injunction, together with a testimonial declaration in support. (Doc. 14; Doc. 15). By this motion, Boyd sought an order *pendente lite* directing the defendants to provide him with greater access to the LCCF law library, to cease placing him in solitary confinement, to return certain personal property seized from his cell or reimburse him for it, to prohibit retaliatory transfer to another institution or placement in

administrative segregation or protective custody, and to permit him to see a psychotherapist weekly.

On November 28, 2016, the Court received a notice from Boyd advising that he had been transferred to Lackawanna County Prison. (Doc. 22).

A prisoner's transfer from the prison complained of generally moots his claims for prospective injunctive relief. *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003); *Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981); *see also Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them.") (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993). The preliminary injunctive relief requested by Boyd was specific to the institution where he had been incarcerated at the time, under the defendants' supervision. With his transfer to another facility, his motion for preliminary injunctive relief is now moot.

Accordingly, **IT IS HEREBY RECOMMENDED** that the plaintiff's motion for a temporary restraining order or preliminary injunction (Doc.

14) be **DENIED as MOOT**.


Dated: December  1  , 2016

                                                        /s/ Joseph F. Saporito, Jr.
                                                     JOSEPH F. SAPORITO, JR.
                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL BOYD,

    Plaintiff,

v.

JAMES LARSON, et al.,

    Defendants.

CIVIL ACTION NO. 1:16-cv-01789

(KANE, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated December __1__, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: December ___1___, 2016      _____
                                                       JOSEPH F. SAPORITO, JR.
                                                       United States Magistrate Judge